NAPIER, ADMX., APPELLANT, *v.* BROWN; WILMOT, D.B.A. MADISON INN, APPELLEE.

(No. 9052 — Decided March 15, 1985.)

*Gary E. Susser,* for appellant.
*George H. Elliott,* for appellee.

BROGAN, P.J. Appellant, Patricia Napier, appeals from an order of the Montgomery County Court of Common Pleas granting appellee's motion for summary judgment pursuant to Civ. R. 56.

Appellant's decedent, Mark Stanaford, was killed early on the morning of July 25, 1982 in the single-car collision of his automobile. The vehicle was driven by Ross Brown. The facts establish that Brown, age twenty, was under the influence of alcohol at the time of the collision. On April 3, 1983, appellant, administratrix of Mark Stanaford's estate, filed an action for wrongful death against Ross Brown in the Montgomery County Court of Common Pleas.

On September 23, 1983, appellant deposed Ross Brown. During the deposition, Brown stated that on the afternoon of Saturday, July 24, 1982, he purchased six percent beer at the Madison Inn in Butler County, owned by Charles Wilmot, appellee in this case. Brown, twenty years of age at the time, was not of legal age to purchase six percent beer. Based upon this statement, appellant filed an amended complaint and jury demand on October 6, 1983, adding Charles Wilmot, d.b.a. the Madison Inn, as defendant, pursuant to the Dram Shop Act, R.C. 4399.01 *et seq.* Subsequent to adding Wilmot as a defendant, appellant settled her claim against Ross Brown. Brown was dismissed from the case with prejudice pursuant to the trial court's partial judgment entry of dismissal rendered on May 21, 1984.

On June 27, 1984, appellant deposed appellee, Charles Wilmot, who denied any knowledge of a sale of six percent beer to Ross Brown on the afternoon of July 24, 1982. On July 31, 1984, appellant deposed Ofard Messer, a Madison Inn employee, who also denied having sold six percent beer to Ross Brown at any time. On August 9, 1984, appellant deposed Marylin Thomas, another Madison Inn employee. Thomas denied selling six percent beer to Ross Brown on any occasion because she was aware that he was under twenty-one years of age.

On July 31, 1984, appellee took the second deposition of Ross Brown. Counsel for appellant was present and cross-examined Brown. Brown testified that, although he briefly entered the Madison Inn in order to locate an individual who could legally purchase six percent beer for him, he did not personally purchase the beer during the

afternoon of July 24, 1982. He further stated that he gave his money to an unnamed individual over the age of twenty-one who actually purchased the beer and delivered it to Brown outside the premises. These statements completely contradict Brown's testimony at the September 23, 1983 deposition.

Appellee filed a motion for summary judgment on August 17, 1984, based upon Ross Brown's second deposition. He submitted a memorandum in support of the motion, appellant's answers to interrogatories, the July 1984 deposition of Ross Brown, and his own affidavit, as well as those of his employees, Ofard Messer and Marylin Thomas. Appellee's main contention in support of his motion was that the testimony of Ross Brown elicited at the September 23, 1983 deposition would be inadmissible at trial as hearsay, pursuant to Evid. R. 801(D)(1)(a). The trial court granted appellee's motion for summary judgment on September 18, 1984, holding that because Wilmot did not become a party to the action until after Brown's first deposition, he did not have an opportunity to cross-examine Brown on these prior statements. Accordingly, the court ruled that such statements constituted inadmissible hearsay, leaving no genuine issues of material fact for trial. Appellant timely filed a notice of appeal from this judgment on September 20, 1984.

Appellant asserts one assignment of error as set forth below:

"The lower court erred in granting summary judgment in favor of defendant-appellee."

Appellant contends that the trial court erred in granting appellee's motion for summary judgment because Ross Brown's conflicting depositions clearly evidence the existence of a genuine issue of material fact regarding how the sale of six percent beer occurred on July 24, 1982. We agree.

Civ. R. 56(C) reads in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The main purpose of the summary judgment procedure is to enable a party to go behind the allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]. Any inferences to be drawn from the underlying facts contained in depositions, affidavits and exhibits must be viewed in the light most favorable to the party opposing the motion. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433 [21 O.O.3d 267]. Although the summary judgment procedure facilitates prompt disposition of cases involving no genuine issues of material fact, the remedy should be applied sparingly and only in those cases where the justice of its application is unusually clear. Consequently, the primary function of a trial court in reviewing a motion for summary judgment is to determine whether triable issues of fact exist, not the sufficiency of those facts. Resolving issues of

credibility or reconciling ambiguities and conflicts in witness' testimony is outside the province of a summary judgment hearing. *Duke* v. *Sanymetal Products Co.* (1972), 31 Ohio App. 2d 78, 83 [60 O.O.2d 171].

In its September 18, 1984 decision and judgment entry, the trial court stated in pertinent part:

"* * * [T]he court finds that the statement of Ross Brown, taken by deposition on September 23, 1983, is inadmissible (under Evid. R. 801[D][1][a]) as against defendant Charles Wilmot at a trial of this cause.

"This rule states in pertinent part:

" 'A statement is not hearsay if * * * [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, *and was given under oath subject to cross-examination by the party against whom the statement is offered* * * *.'[Emphasis *sic*.]

"The materials before this court indicate that plaintiff seeks to have Brown's statement admitted against defendant Charles Wilmot, who did not become a party to this action until after the deposition in question was taken. Because defendant Wilmot did not have an opportunity to cross-examine Brown at the time the statement was made, the statement is inadmissible pursuant to the above-mentioned rule.

"Further, the court agrees [with] the defendant's analysis of Evid. R. 607[1] and Evid. R. 613,[2] as these rules also relate to the nature and admissibility of Brown's statement."

Although the trial court is correct in its analysis of the admissibility of depositions and their use at trial, we find such analysis to be infirm with respect to determining whether to grant or deny a motion for summary judgment in this case. It appears to this court that the specific issue before us is one of first impression in Ohio. We have found no authority addressing the narrow question of whether a deposition of a dismissed defendant, taken prior to the joinder of an additional defendant, may be considered on a motion for summary judgment where the joined defendant was not present at the deposition. We hold that on these facts, a deposition may be considered on a motion for summary judgment for the purpose of determining whether a genuine issue of material fact exists, regardless of the likelihood that the deposition may be inadmissible evidence against the party at trial.

Civ. R. 56(C) expressly permits depositions to be considered on a motion for summary judgment. Although generally deposition testimony must be admissible (see Civ. R. 32 and the Rules of Evidence), a number of courts and commentators have rejected the notion that these rules govern the use of

---

[1] Evid. R. 607 (who may impeach) provides:

"The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Rules 801(D)(1)(a), 801(D)(2), or 803."

[2] Evid. R. 613 (prior statements of witnesses) provides in part:

"(B) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded a prior opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(D)(2)."

deposition testimony at a hearing or proceeding at which evidence in affidavit form is admissible. These authorities have determined that depositions may be used more freely on motions than Civ. R. 32 would seem to indicate. See 8 Wright & Miller, Federal Practice and Procedure: Civil (1970), Section 2142, pages 449-452; *United States* v. *Fox* (E.D. La. 1962), 211 F. Supp. 25, 30, affirmed (C.A. 5, 1964), 334 F. 2d 449, 454; *Tormo* v. *Yormark* (D.C. N.J. 1975), 398 F. Supp. 1159, 1168. Further, these authorities specifically stand for the proposition that depositions taken prior to the joinder of a party may be considered in the nature of affidavits in support of or in opposition to a motion for summary judgment as long as the testimony at issue is admissible in affidavit form.[3] Under this view, a deposition is at least as good as an affidavit and should be employed whenever an affidavit would be permissible, even though the conditions required by Civ. R. 32 for use of depositions at trial may not be satisfied. See Wright & Miller, *supra; United States* v. *Fox, supra; Tormo* v. *Yormark, supra.* Further, these authorities place heavy emphasis on the fact that on a motion for summary judgment, the statements are not offered in the form of prior deposition testimony but in the form of testimony of a *presently available witness.* Accordingly, we adopt this reasoning and hold that in this case, a deposition taken prior to the joinder of a party, containing sworn statements of the deponent based upon personal knowledge, may be considered as an affidavit in opposition to a motion for summary judgment as long as the deponent is presently available to testify at trial.

We acknowledge the federal case law propounded by appellee in support of the proposition that statements in a deposition which are not admissible in evidence are not sufficient to raise a genuine issue of fact on a motion for summary judgment. See, *e.g., United States, ex rel. Acme Limestone Co.,* v. *United States Fidelity & Guaranty Co.* (W.D. Va. 1975), 69 F.R.D. 306; *Freeman* v. *Continental Gin Co.* (C.A. 5, 1967), 381 F. 2d 459; *Neff* v. *World Publishing Co.* (C.A. 8, 1965), 349 F. 2d 235, 253-254; *Testa* v. *Janssen* (W.D. Pa. 1980), 492 F. Supp. 198, 202. Additionally, appellee argues that affidavits based upon hearsay are not sufficient to raise a genuine issue of material fact precluding summary judgment. Although these decisions are well-reasoned, we find that they are distinguishable from the case before us. The above-mentioned cases involved the question of whether depositions or affidavits containing inadmissible statements of individuals *other than the deponent or affiant* can be used on a motion for summary judgment. Although we agree with appellee that an affidavit or deposition, containing testimony of an individual other than the deponent or affiant, is generally inadmissible, none of these cases involved depositions, taken prior to the joinder of a party, containing sworn statements of the deponent only. As long as deposition testimony is based upon the personal knowledge of the deponent, and the deponent is available to testify at trial, we hold that the better rule is to permit the use of a deposition as an affidavit in order to determine whether a genuine issue of material fact exists on a motion for summary judgment.

In the case before us, the trial court granted appellee's motion for summary judgment because, in light of its decision to exclude Ross Brown's first deposition, the court determined that no genuine issue of material fact remained regarding how the sale of six percent beer had occurred. However, Brown's testimony, if embodied in an affidavit, would

---

[3] An affidavit is a written declaration made under oath, without notice to the adverse party. R.C. 2319.02.

have been admissible. His statement that he personally bought beer at the Madison Inn was made under oath and based upon personal knowledge. Further, his testimony contained no statements of third persons not under oath. Consequently, Brown's second deposition denying his purchase of six percent beer completely contradicts statements in his first deposition. This contradiction clearly raises a genuine issue of material fact. Considering the evidence in the light most favorable to appellant, we cannot say that reasonable minds could come to but one conclusion and that conclusion is adverse to appellant.

Even assuming *arguendo* that Brown's first deposition would not be admissible into evidence at a trial of this cause or could not be used for impeachment purposes pursuant to Evid. R. 607, the purpose of a summary judgment procedure is not to weigh the evidence and predetermine or anticipate objections or admissibility problems at trial. As long as a genuine issue of material fact exists, appellant is entitled to her day in court, no matter how slim her chances of prevailing at trial. Ross Brown has already changed his testimony once. It cannot be said with any certainty that his testimony at trial will be consistent with his second deposition. Therefore, we hold that the trial court erred in granting appellee's motion for summary judgment. Appellant's assignment of error is well-taken.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

KERNS and WILSON, JJ., concur.