OPINION
{¶ 1} Plaintiffs-Appellants, Holly Saum through Amelie H. Saum her mother and next of friend (hereinafter jointly referred to as "Appellants"), appeals a judgment of the Hancock County Court of Common Pleas, granting summary judgment to Defendants-Appellees, Lawrence 
Cherry Kelly (hereinafter jointly referred to as "Appellees"). On appeal, Saum asserts that the trial court erred in granting summary judgment, because a genuine issue of material fact exists on the issue of whether Lawrence Kelly had actual or constructive notice of a hole in a porch at one of his rental properties. In a cross-assignment of error, Appellees assert that if we find grounds for reversal, then the trial court erred in not applying the open and obvious rule, as a complete defense, to a landlord when a tenant or guest is injured by an open and obvious defect. Finding that Appellants failed to present any evidence to raise a genuine issue of material fact as to the issue of Lawrence's actual or constructive knowledge about the hole in the porch, we affirm the judgment of the trial court.
 {¶ 2} Appellees were the owners of a triplex apartment building located at 415, 417 and 419 N. Cory Street in Findlay, Ohio in Hancock County.[1] In July of 1997, Rachel Speck, nka Rachel Magg, was renting the 417 N. Cory Street apartment from Appellees. On July 2, 1997, Magg's daughter and her friend, Holly Saum, were playing on the 417 N. Cory Street porch. At that time, Magg's daughter and Saum were nine years old. While playing on the porch, Holly injured her right leg, when she fell into a hole in the porch.
 {¶ 3} Prior to the July 1997 accident, Magg, her daughter and her boyfriend had rented 419 N. Cory Street. In the deposition of Lawrence Kelly, he states that at the time that Magg lived at 419 N. Cory Street that porch was in a dilapidated condition. Additionally, he stated that the 419 N. Cory Street porch had been roped off due to those unsafe conditions.
 {¶ 4} While Lawrence admitted to the dilapidated conditions of the 419 N. Cory Street porch, he stated that he did not know that about the hole in the 417 N. Cory Street porch prior to the accident. According to Lawrence, he would frequently pass by 417 N. Cory Street and he had been there to mow the grass a few times; however, he stated that he was not aware of the hole in the 417 N. Cory Street porch until after Holly's accident. Lawrence also stated during his deposition that an inspection of the porch should have alerted him to the hole in the porch; however, he also stated that he had not inspected the apartment recently.
 {¶ 5} Magg was also deposed. At her deposition, she stated that she had never personally contacted Lawrence about the hole in the porch. She went on to state that she thought, but did not know for sure, that her mother or boyfriend had talked with Lawrence about the hole. She stated that the hole had been in the porch for at least one month prior to Holly's accident. She also thought, but again could not be sure, that Lawrence had mowed the lawn at 417 N. Cory Street at least one time after the hole had developed in the porch.
 {¶ 6} In June of 2004, Appellees filed a motion for summary judgment, arguing that they could not be held liable as landlords, because the hole was an open and obvious danger and, in the alternative, because they were not aware of the hole. Subsequently, Appellants filed a motion in opposition.
 {¶ 7} In November of 2004, the trial court granted Appellees' motion for summary judgment. In its judgment entry, the trail court first addressed the issue of whether the open and obvious doctrine applied to landlords. Following the Fourth and Tenth Districts, the trial court found that the open and obvious doctrine does not diminish or eliminate a landlord's statutory duty of care pursuant to R.C. 5321.04.
 {¶ 8} Additionally, the trial court considered whether Appellees were entitled to summary judgment, because they did not have notice of the hole in the 417 N. Cory Street porch. The trial court specifically considered Magg's testimony that the hole had been in the porch for approximately thirty days prior to Holly's injury as well as her testimony that she thought her mother or boyfriend had notified Lawrence about the hole. However, the trial court found that Magg's testimony regarding her belief that her mother and boyfriend had notified Lawrence could not be considered because Magg lacked personal knowledge of the incident and the statements constituted hearsay. Additionally, the trial court considered Lawrence's statement that had he inspected the porch he would have noticed the hole, that he had not been contacted by either Magg's mother or boyfriend regarding the hole and that while he did possibly mow around the 417 N. Cory Street porch, he did not know about the hole until after Holly's accident. Accordingly, the trial court found that there was no genuine issue of material fact as to whether Appellees had notice of the hole in the porch, and Appellee was granted summary judgment.
 {¶ 9} It is from this judgment Appellants appeals, presenting the following assignment of error for our review.
THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT, IN GRANTINGSUMMARY JUDGMENT IN FAVOR OFAPPELLEE'S INSOFAR AS THERE EXISTED GENUINEISSUES OF MATERIAL FACT.
 {¶ 10} In addition to Appellants' assignment of error, Appellees also present the following cross-assignment of error for our review.
THE TRIAL COURT ERRED IN NOT APPLYING THE OPEN AND OBVIOUS RULE AS ACOMPLETE DEFENSE FOR BENEFIT OF THE LANDLORD WHEN A TENANT OR THE GUESTOF A TENANT IS INJURED BY AN OPEN AND OBVIOUS DEFECT.
 Appellants' Assignment of Error {¶ 11} In the sole assignment of error, Appellants asserts that the trial court erred in granting summary judgment. Specifically, Appellants argue that Appellees did in fact have notice as defined by statute and case law.
 Standard of Review {¶ 12} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Ed. (1994), 69 Ohio St.3d 217, 222. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C);Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
 {¶ 13} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. AthensCity Clerk of Courts (1998), 83 Ohio St.3d 523, 524; see, also, Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 14} R.C. 5321.04(A)(2) enumerates the statutory obligations for a landlord and mandates that a landlord "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." A violation of R.C. 5321.04 constitutes negligence per se. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. A plaintiff, however, must still establish proximate cause. Id. Additionally, "it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." Id. at 25-26.
 {¶ 15} More recently, in Sikora v. Wenzel (2000), 88 Ohio St.3d 493,497, the Ohio Supreme Court stated that, for a negligence per se statutory violation, lack of notice is a legal excuse that applies where "the actor neither knows nor should know of any occasion or necessity for action in compliance with the legislation or regulation." Factual circumstances must be in existence that would either prompt or require a landlord to investigate. Id. at 498.
 {¶ 16} In the case sub judice, the trial court found that there was no genuine issue of fact as to whether Lawrence had actual or constructive knowledge of the hole in the 417 N. Cory Street porch. On appeal, Appellants argue that this ruling is error for two reasons. First, Appellants argue that Magg testified that she had told Lawrence about the hole, and, second, Appellants argue that the trial court erred in excluding Magg's testimony regarding her mother or boyfriend telling Lawrence about the hole. Upon review of the record and the applicable law, we disagree with both of Appellants' contentions.
 {¶ 17} First, we will address whether Magg testified that she personally had told Lawrence about the hole. While Appellants correctly point out that Magg's recollection of the events were unclear, they are incorrect in their assertion that Magg testified that she did tell Lawrence about the hole. Upon review of Magg's deposition, it is clear that she never affirmatively testifies that she personally told Lawrence about the hole. Considering the following testimony, which Appellants' cite in their brief as establishing that Magg told Lawrence about the hole, it is clear that Magg had no recollection of ever personally telling Lawrence about the hole:
Cheney: Do you remember when we met at the courthouse back in October,on October 31 of 2003, you and I visited in the jury room there?
 Magg: Yeah.
 Cheney: Do you remember telling me that you had told Larry about thehole in the porch at that time when we discussed it?
 Magg: Well, that is because I thought my mother and my boyfriend toldhim.
 Cheney: But you specifically told me that you had told Larry aboutthat; isn't that true?
 Magg: I thought I did. Like I said, it is too many years ago, I don'thave a memory.
 Cheney: What I want to know is, what is the truth here today?
 Had you yourself told Larry about the hole before Holly fell, or didyou not tell him about the hole before Holly fell; I want to know whatyou told him?
 Magg: I don't know.
 Cheney: You don't know?
 Magg: No, I don't, I can't remember that far back, like I said.
 {¶ 18} We do not find that the above testimony establishes that Magg did in fact tell Lawrence about the hole. Additionally, when considered in conjunction with Lawrence's unequivocal testimony that he did not have knowledge about the hole until after the accident, we find no error in the trial court's finding that Magg never personally told Lawrence about the hole.
 {¶ 19} Appellants also assert that the trial court erred in failing to consider Magg's deposition testimony that she believed that her mother or boyfriend had told Lawrence about the hole. Specifically, Appellants argue that pursuant to Napier v. Brown (1985), 24 Ohio App.3d 12, the trial court was incorrect to reject that testimony.
 {¶ 20} This Court has found that "on motion for summary judgment, if the court finds that there is no admissible evidence presented by the non-moving party which would create an issue of material fact for trial, the court must grant the motion." Star Bank, N.A. v. Billing (Jan. 30, 1995), 3d Dist. No. 17-94-24, unreported; see, also, Civ.R. 56(E); Zeedykv. The Agricultural Society of Defiance County, Inc., 3d Dist. No. 4-04-08, 2004-Ohio-6187, at ¶ 14. In other words, where a motion for summary judgment has been filed and the moving party produces sufficient evidence to support their grounds for summary judgment, the non-moving party is then required to present specific evidence, which would create an issue of material fact. Civ.R. 56(E). Where the non-moving party fails to produce any such evidence, the trial court must grant summary judgment. Id.; see, also, Zeedyk, supra. Therefore, in order to overcome the motion for summary judgment in this case, Appellants were required to present specific evidence showing that there is a genuine issue as to whether Appellees had actual or constructive notice of the hole in the porch.Sikora at 498.
 {¶ 21} Here the only evidence presented, which supports Appellants' contention that Lawrence had actual constructive knowledge of the hole in the porch, is Magg's deposition. In her deposition, she clearly testifies that she does not know if she herself told Lawrence about the hole in the porch. Additionally, she states that she thought her mother or boyfriend told Lawrence about the hole. Finally, she states that she thought, but was not sure, that Lawrence had been to the property at least one time to mow after the hole in the porch developed.
 {¶ 22} Upon review of the evidence presented by Appellants, we find that Magg's testimony as to whether she had told Lawrence about the hole and that she believed he had been over to the property at least one time after the hole developed is insufficient to raise a genuine issue of fact as to whether Lawrence had either actual or constructive knowledge that the hole was in the porch, which would trigger Lawrence's duty to repair under R.C. 5321.04(A)(2) as well as his liability in this case. Additionally, we find that the trial court correctly disregarded Magg's testimony regarding what she thought her mother or boyfriend told Lawrence, because it was not based on personal knowledge and constituted hearsay. As noted above, because such testimony would be inadmissible at trial, it would be improper to consider for the purposes of summary judgment. Star Bank, supra.
 {¶ 23} Nevertheless, even if we were to consider Magg's testimony regarding what she thought her mother or her boyfriend had told Lawrence, we still find that testimony is insufficient to raise a genuine issue of fact on the issue of Lawrence's actual or constructive knowledge. That testimony does not prove that Lawrence either knew or should have known of about the hole, because it is merely a vague reference to something that could have possibly happened.
 {¶ 24} In addition, without more we do not find that the evidence provided by Appellants supports a factual circumstance that would either prompt or require a landlord to investigate that property. Even if we consider the evidence that the 419 N. Cory Street porch being in poor condition, that evidence does not place Lawrence on notice for the 417 N. Cory Street porch. First, while Lawrence did testify that upon being notified of the 419 N. Cory Street porch's condition, he did take steps to make sure that no one used that porch. Lawrence also testified that he did not become aware of the hole in the 417 N. Cory Street hole until after Saum's accident. Additionally, upon review of the photographs of the two porches, the 419 N. Cory Street porch was clearly in much worse condition than the 417 N. Cory Street porch. The 419 N. Cory Street porch was leaning and was being held up by a cross-board. The 417 N. Cory Street porch's only fault, which can be seen in the pictures, is the hole. While Lawrence was on notice as to the dilapidated condition of the 419 N. Cory Street porch, without more we will not find that such notice transfers to the hole in the 417 N. Cory Street porch.
 {¶ 25} Finally, we consider Appellants' argument that the trial court's failure to consider the testimony of Magg was improper underNapier v. Brown (1985), 24 Ohio App.3d 12. Essentially, Appellants rely on the following language from Napier:
a deposition may be considered on a motion for summary judgment for thepurpose of determining whether a genuine issue of material fact exists,regardless of the likelihood that the deposition may be inadmissibleevidence against the party at trial. Id. at 14.
 {¶ 26} While the above text is correctly cited, Appellants fails to read that language in the context of the rest of the decision in Napier.
First, the holding of the Napier court as pronounced by the syllabus states:
A deposition, containing sworn statements of the deponent based uponpersonal knowledge, taken prior to the joinder of a party, may beconsidered as an affidavit in opposition to a motion for summary judgmentin order to determine whether a genuine issue of material fact exists, aslong as the deponent is presently available to testify should there be atrial.
(emphasis added.) Thus, the issue being addressed by the court was not whether any deposition that is inadmissible at trial can be considered for the purposes of summary judgment, but, rather, whether a deposition which was based upon personal knowledge and taken prior to the joinder of a part may be considered for a motion for summary judgment. Id. at 14-15. Finding that such a motion can be considered, the court reversed the judgment of the trial court because the trial court had refused to consider a deposition, which was based upon personal knowledge and that had been taken prior to the joinder of a party. Id. at 15-16.
 {¶ 27} Here, the facts of this case as well as the legal issue on appeal are clearly distinguishable from Napier. First, the case sub judice does not involve a joinder issue. Secondly, the issue here is whether Magg's deposition testimony, which was not based on personal knowledge, can be considered by the court in determining whether Appellants have raised a genuine issue of material fact.
 {¶ 28} Finding that the Napier holding clearly rests upon an initial finding that the deposition testimony was based upon personal knowledge, we find its application supports our above conclusion. In other words, we find that the Napier decision, when read properly, clearly supports our finding that Magg's testimony, regarding her belief that her mother or boyfriend told Lawrence about the hole, was properly disregarded for the purposes of considering the motion for summary judgment, because such testimony lacked personal knowledge.
 {¶ 29} Accordingly, finding that Appellants have failed to present evidence which would establish a genuine issue of material fact as to whether Lawrence had actual or constructive knowledge of the hole in the porch, Appellants' assignment of error is overruled.
 Appellees' Cross-Assignment of Error {¶ 30} In the event we found merit in Appellants' assignments of error on appeal, Appellees offered a cross-assignment of error for the purpose of preventing a reversal of the trial court's decision granting the motion for summary judgment. Because we find no merit in Appellants' claim, Appellees crossassignment of error is moot. R.C. 2505.22.
 {¶ 31} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., concurs.
 Bryant, J., concurs in judgment only.
[1] While both Lawrence and Cherry Kelly owned the N. Cory Street property, Lawrence and Magg's deposition testimony established that Cherry Kelly was uninvolved in the management of these properties as rental units.