OPINION
{¶ 1} Plaintiff-appellant, Timothy Reardon, appeals a decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellees, Alberta Hale and Herschel Hale, in this case involving claims of breach of contract and fraud in the sale of real estate.[1] For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In the fall of 2002, appellant purchased from appellees real estate located at *Page 2 
105 Ethel Rob Circle in Carlisle, Ohio. Before entering into the contract, appellant viewed the home twice. The contract for the sale of the real estate included a contingency that permitted appellant to inspect the property; however, while appellant viewed the home, appellant did not have it inspected, although it remained open to him or any representative of his for inspection. The Veteran's Administration performed an appraisal review of the property, including interior and exterior construction, in which it found no obvious defects.
 {¶ 3} The contract for the sale of real estate included an Ohio Residential Property Disclosure Form (Disclosure Form). Other than the information contained in the Disclosure Form, appellees did not make any representations to appellant. On this Disclosure Form, appellees indicated that they had no knowledge of any defects, and mentioned none of the defects that are at issue in this appeal.
 {¶ 4} Appellant moved into the real estate in November 2002 and first noticed a problem in May 2003 when his son hit the side of the house with a mower, causing a piece of siding to fall off. Upon close inspection of the siding, appellant found parts to be waterlogged, rotted, and decayed. Appellant hired a home inspector, Terrence P. Finnegan, to examine the real estate. Finnegan identified defects in six different areas of the real estate: siding, deck construction, outside flashing, sealing of vents and pipes, fireplace chimney chase, and high moisture readings (indicating problems with the interior and exterior walls).
 {¶ 5} On April 25, 2006, appellant filed a complaint against appellees alleging two causes of action, specifically "breach of contract and warranties in the * * * sale of a home to Plaintiff" and fraud. On May 2, 2006, appellees moved for summary judgment. On August 16, 2006, the trial court entered judgment in favor of appellees.
 {¶ 6} Appellant now appeals, raising one assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR *Page 3 
THE DEFENDANTS-APPELLEES BY APPLYING THE DOCTRINE OF CAVEAT EMPTOR TO THE INSTANT REAL ESTATE TRANSACTION WHEN THERE WAS EVIDENCE OF MISSTATEMENTS ON THE RESIDENTIAL DISCLOSURE FORM ISSUED FROM DEFENDANT SELLER TO PLAINTIFF PURCHASER, AND EVIDENCE OF LONGSTANDING DEFECTS TO THE STRUCTURE'S ROOF AND INTERIOR AND EXTERIOR WALLS AND FLOORS IN THE INSTANT TRANSACTION."
 {¶ 8} An appellate court reviews a grant of summary judgment de novo, and without deference to the trial court's ruling. Burgess v.Tackas (1998), 125 Ohio App.3d 294, 296. Under Civ.R. 56, summary judgment is appropriate "when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated (2) the moving party is entitled to judgment as a matter of law, and (3) it appears form the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 9} The trial court determined that summary judgment was appropriate because there was a lack of evidence proving the requisite knowledge standard with respect to appellant's claims. Specifically, the judge determined that, because the only representations made by appellees to appellant were those found on the Disclosure Form, the appropriate knowledge standard was that found in the Ohio statute regarding real property disclosure.
 {¶ 10} The Ohio real property disclosure statute, R.C. 5302.30, requires the disclosure of certain material defects regardless of whether the defect is discoverable or observable. *Page 4 See Rose v. Zaring Homes (1997), 122 Ohio App.3d 739, fn. 3. But, R.C.5302.30(F)(1) states that a seller is not liable in damages for "any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge." Only those defects of which the seller has actual knowledge are required to be reported on the Disclosure Form.
 {¶ 11} The trial court determined that, because the only representations made to appellant were those found on the Disclosure Form, the knowledge standard found in the statute was the only applicable standard for all of appellant's claims. The judge applied the knowledge standard and determined that appellant had presented insufficient evidence to prove actual knowledge with respect to any of the alleged defects.
 {¶ 12} Appellant argues that the actual knowledge standard applied by the judge set too high of a standard. Appellant argues that the judge improperly failed to consider inferences of actual knowledge raised by the evidence presented and improperly failed to consider whether appellees had constructive knowledge of the defects. In arguing that the court should have considered whether appellees had constructive knowledge of defects, it appears that appellant argues that the actual knowledge standard required under the statute was not the only knowledge requirement applicable to the claims. In addition, it appears that, as in his complaint, appellant continues to argue the common law tort claim of fraudulent concealment.
 {¶ 13} Upon review of the case law related to the sale of a residence, we find appellant correctly argues that the actual knowledge standard found in the statute was not the only knowledge standard that the trial court should have addressed. However, despite this omission, we find that appellant still failed to produce sufficient admissible evidence to meet his burden of production. *Page 5 
 {¶ 14} On review of appellant's complaint, it appears that appellant alleged the following claims: misrepresentation, sounding in both contract and tort, as well as the torts of fraudulent nondisclosure and fraudulent concealment.
 {¶ 15} Appellant brings claims for misrepresentation sounding in both contract and tort. Because the only representations made by appellees to appellant were those representations found in the Disclosure Form, as the trial court properly identified, the actual knowledge standard found in R.C. 5302.30 is applicable to both the contract and tort claims.
 {¶ 16} However, the statute does not displace appellees' common-law duties to buyers. Sellers have a common law "duty to disclose material facts that are latent." Layman v. Binns (1988), 35 Ohio St.3d 176, 178. A patent defect is a defect that, upon inspection, an ordinary prudent person would discover. Clark v. Allen, 154 Ohio App.3d 200, 205-206,2003-Ohio-4617. All other defects are considered latent defects. See id. The failure to disclose facts where there is a duty to disclose has been held to be fraud. Klott v. Associates Real Estate (1974),41 Ohio App.2d 118, 121; Jacobs v. Raceveskis (1995), 105 Ohio App.3d 1, 4. Nondisclosure rises to the level of fraud when the seller intentionally fails to disclose a material fact with the intent of misleading the buyer and the buyer justifiably relies on the failure to disclose.Gentile v. Ristas, 160 Ohio App.3d 765, 2005-Ohio-197, ¶ 53. For latent defects, of course the seller is only required to disclose those defects of which the seller has actual knowledge at the time of the transaction. See, e.g., Good v. McElhaney (Sept. 30, 1998), Athens App. No. 97 CA 41,1998 WL 682328 at *5. Thus, in order to prove fraudulent nondisclosure, appellant must also show actual knowledge on the part of appellees.
 {¶ 17} In order to prevail on a claim of fraudulent concealment, appellant must establish the following elements: "(1) * * * concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter *Page 6 
disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the * * * concealment, and (6) a resulting injury proximately caused by the reliance."Fifth Third Bank v. Cope, 162 Ohio App.3d 838, 2005-Ohio-4646, ¶ 25, citing Cardi v. Gump (1997), 121 Ohio App.3d 16, 22. The knowledge standard with respect to fraudulent concealment requires that appellant show only that appellees acted in reckless disregard for the truth, rather than with actual knowledge of its falsity.
 {¶ 18} We find that the trial court correctly determined that appellant was required to show that appellees had actual knowledge of a defect in order to prove fraudulent misrepresentation or fraudulent nondisclosure. However, we find that the court improperly required that appellant prove actual knowledge with respect to fraudulent concealment claims, where applicable law states that when a person acts with "utter disregard and recklessness as to whether [a fact] is true or false," knowledge may be inferred. Cope at ¶ 25.
 {¶ 19} In addition, we acknowledge that appellant does not have to prove knowledge with direct evidence because that would be an absurdly high burden. Shepherd v. Shea (Oct. 25, 1995), Summit App. No 17090,1995 WL 623301 at *4. Appellant may prove actual knowledge through inferences. Emrick v. Multicon Builders, Inc. (1991), 57 Ohio St.3d 107,110. Evidence of actual knowledge is not required to be direct, but may be circumstantial in nature. Burkey v. Ferris (June 30, 2000), Tuscarawas App. No. 1999AP030015, 2000 WL 968695, at *5.
 {¶ 20} Appellant contends that he presented sufficient evidence to create a genuine issue of material fact regarding whether appellees (1) had actual knowledge of defects that they had a duty to disclose; and (2) made false representations and/or concealed facts with knowledge of the falsity, or with such utter disregard or recklessness as to whether it is true *Page 7 
or false that knowledge may be inferred, with the intent of misleading appellant. Despite the fact that we find the potential for the application of a lower burden than that applied by the trial court, we find no merit to this argument.
 {¶ 21} Appellant has failed to identify any admissible evidence that could even raise an inference that appellees knew or should have known of any of the six alleged defects. Civ.R. 56 lists the evidence that may be considered by the court in entering a summary judgment. Specifically, section (C) provides that a court may consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations." That section goes on to specify that "[n]o evidence or stipulation may be considered except as stated in this rule." Appellant's relevant evidence is deposition testimony. As to that form of evidence, Civ.R. 32 provides that "upon hearing of a motion * * *, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." The explicit limitation within the Rules of Civil Procedure on the use of deposition testimony to support a motion is that the evidence therein must be admissible under the Rules of Evidence.
 {¶ 22} The opponent in a motion for summary judgment is given wide latitude in presenting evidence in opposition to the motion. For this reason, Civ.R. 56 allows the opponent to enter evidence by means of affidavit. At least one Ohio court has concluded that, if evidence contained in a deposition would not be admissible under the Civ.R. 32 requirements for depositions, the evidence contained in the deposition may be considered if it meets the requirements of Civ.R. 56(D) for consideration as affidavit evidence. Napier v. Brown (1985),24 Ohio App.3d 12, 15. Of affidavits, Civ.R. 56(D) requires that they "be made on personal knowledge, * * * set forth such facts as would be admissible in evidence, and * * * *Page 8 
show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Even with respect to affidavits, the evidence presented therein must be based on the affiant's personal knowledge and must be admissible under the rules of evidence.
 {¶ 23} Under Evid.R. 801, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A witness is barred from testifying as to statements made by another person if the statements are admitted to prove the truth of the matter asserted and no specific exception applies. State v. Carter, 72 Ohio St.3d 545, 549,1995-Ohio-104. Because Civ.R. 32 and Civ.R. 56(D) both specifically limit the court's consideration to admissible evidence, hearsay evidence may not be properly considered when proffered by a party in a deposition or affidavit in opposition to a motion for summary judgment unless a specific exception applies.
 {¶ 24} Having set forth the rules applicable to the determination of whether summary judgment is appropriate in this case, we will next apply these standards to the evidence identified by the appellant. The majority of the evidence upon which appellant relies comes from the three depositions submitted in the case, which were those of: (1) Terrence P. Finnegan, the inspector that appellant hired to inspect the house after the initial discovery of the alleged defects in the siding; (2) appellant, Timothy Reardon; and (3) appellee, Herschel Hale. Each of the defects is discussed at length in the deposition of Finnegan, but specific relevant facts are mentioned in each of the other depositions.
Defective installation of siding {¶ 25} In his deposition, Finnegan stated that the siding was installed in such a way that it directly abutted against the shingles on the roof, but should not have been because the contact allowed moisture to wick into the siding. He indicated that this caused the outside exterior panels to become swollen with water. Finnegan stated that he was not aware *Page 9 
whether the panels incurred damage prior to the time that appellant purchased the home. No evidence was presented to indicate that appellees attempted to conceal defects concerning the installation of the siding. As such, this evidence must be construed under the actual knowledge standard. No evidence was presented, direct or circumstantial, to raise an inference that appellees knew about the defective installation of the siding, since it is unknown when the damaged occurred.
Outside flashing which is improperly constructed and/or installedcausing water leaks {¶ 26} Finnegan stated that the siding was installed defectively. He stated that head, diverter, and end dam flashings should have been installed and were not. Finnegan performed tests wherein he placed a probe into the wall to determine if the lack of flashings had caused damage to the interior of the house. Finnegan stated that he was not aware of any obvious damage to the inside of the home that would have been visible to an occupant. Rather, the damage that he indicated he found occurred behind the vapor barrier to the substrate and studs.
 {¶ 27} Appellant stated in his deposition that his neighbors, Mr. and Mrs. Parker, told him that they had observed roofers repairing the roof, including flashing, during a rainstorm within months prior to the time that appellant purchased the home. If this information were true, appellees would have been required to disclose such information on the Disclosure Form under Section C, which requires disclosure regarding any current problems with the roof and any repairs made during the preceding five years. We agree with appellant that this information, were it admissible, would create an inference that appellees had actual knowledge of the defect. However, as the trial judge correctly found, because this information is offered to prove the truth of the matter asserted, the statements of Mr. and Mrs. Parker reported by appellant in his deposition are inadmissible hearsay under Evid.R. 801. Under Civ.R. 32, we cannot consider the statements in reviewing the motion for *Page 10 
summary judgment. Even if considered as an affidavit, as the court did in Napier, 24 Ohio App.3d at 15, this information is not based on the personal knowledge of appellant and is not admissible, so we likewise cannot consider it under Civ.R. 56.
 {¶ 28} There is no evidence in the record to indicate that appellees made any efforts to conceal any defects in the flashing or any resulting damage. As such, in order to be successful on a claim of either fraudulent misrepresentation or fraudulent nondisclosure, appellant would be required to show actual knowledge. Because Finnegan had to use a probe to discover this damage, we do not believe the trial court erred in concluding that this evidence alone does not create an inference that appellees knew of the existence of the defects.
Defects to the home's deck construction {¶ 29} Finnegan stated that the deck was bolted directly to the siding rather than to flashing, which allowed water to seep into the wall around the bolts. Finnegan recalled having seen "some staining" on the floor joists in the basement related to this improper construction. He was not able to determine whether this staining would have been present at the time appellant purchased the home. In order to observe this staining, Finnegan stated that he had to pull back insulation around the floor joists. Because no evidence of concealment was presented, only the actual knowledge standard is applicable. Based on Finnegan's description of the methods needed to observe this damage, we believe the trial court correctly concluded that this evidence does not create an inference that appellees were aware or of the damage.
Wall penetrations, i.e. vents, pipes, hose Bibb faucets improperlymounted and sealed {¶ 30} Finnegan stated that certain wall penetrations were improperly sealed in that they should have been caulked to prevent moisture intrusion. He could not state whether the caulking was missing at the time appellant purchased the home. No evidence of *Page 11 
concealment was presented, so the actual knowledge standard applies. No evidence was presented to show that appellees knew of this defect.
 {¶ 31} Finnegan also mentioned that there was water damage around the front door that had apparently necessitated some repairs to the interior floor of the home. Appellee Herschel Hale admitted in his deposition that the front door had been replaced because the door would blow open during storms, although he denied any other interior damage related to this defect. If damage had occurred to the floor, appellees would have had an obligation to disclose such information on section E of the Disclosure Form, regarding "Structural Components (Foundation, Floors, Interior and Exterior Walls)." This section requires disclosure of repairs made within five years of the date of the disclosure. While the evidence may tend to show that appellees had actual knowledge of the defect, no evidence was admitted to indicate that this defect was a material defect. This defect was not directly discussed by either appellant or his inspector. The deposition is ambiguous as to the nature and extent of these repairs or what led Finnegan to know that they had been done. It was not included in the inspector's report. Further, the door and floor having been repaired, we find no indication that appellant suffered any harm as a result of the failure to disclose any such defects.
Defective fireplace chimney chase which contains a high moisturereading due to access of moisture into the chimney {¶ 32} Finnegan stated that water had entered the home around the chimney where the chimney touched the side panels, creating staining in the basement. Finnegan stated that he believed that the staining in the basement was most likely there at the time that appellant purchased the home "because it takes a long time for it to get that wet so it's been going on for some time." However, in order to observe this staining, Finnegan stated that he had to pull back insulation around the floor joists. No evidence was presented to indicate *Page 12 
that appellees attempted to conceal these defects, so the actual knowledge standard applies. Based on Finnegan's description of the methods needed to observe this damage, we believe that this evidence does not create an inference that appellees were aware of the damage.
 {¶ 33} Also, Finnegan stated in his deposition that water was observable on the drywall in the master closet. Finnegan was unaware whether the staining in the master closet was visible at the time that appellant purchased the home. No other evidence was presented on this defect. If the damage had been known to them, appellees would have been obliged to disclose such information on question (E) of the Disclosure Form, regarding "Structural Components (Foundation, Floors, Interior and Exterior Walls)." The question requires disclosure of "deterioration" of the interior and exterior walls. We do not believe that the evidence presented, standing alone, creates an inference that appellees had actual knowledge of the defects. There is no way of knowing whether the damage was even visible at the time that appellees lived in the home. Appellant noticed no damage until the damage was called to his attention by an inspector nearly a year after he took up residence. Further, no evidence of concealment is contained in the record with respect to the defect in the master closet wall, so we do not need to consider whether they should have known about the defect.
High moisture readings taken in the interior wall areas of the houseand exterior walls, including molds and/or fungus or "rot" {¶ 34} According to Finnegan, the siding panels "were rotted and soft and deteriorated" with fungus growing in some areas. As this is the defect that appellant first noticed, we understand that this defect is apparently visible to the untrained naked eye. Finnegan could not say how long the condition had existed or whether it had existed prior to appellant's purchase of the real estate. Finnegan specifically stated that he did not know how long it would take a panel to go from "good condition" to the condition in which he found *Page 13 
the panels upon inspection nearly a year after appellant took ownership. He also indicated that he did not know how long it takes fungus to grow.
 {¶ 35} In addition, Finnegan discovered through moisture readings with technical equipment that certain of the exterior walls of the home had high moisture content even though there were no "penetrations" such as windows or doors in the walls. Finnegan determined that this high moisture content must have been caused by a defect in the siding. Finnegan was unable to determine whether this damage existed at the time that appellant purchased the home.
 {¶ 36} Appellant's deposition presents evidence that could be construed as creating an inference that appellees knew and concealed information regarding the defects in the siding. Appellant stated in his deposition that the Parkers, his neighbors, told him that appellees were aware of pending product liability litigation with respect to the defective siding. Likewise, appellant stated that the neighbors told him that appellees had painted the house three times during the seven years prior to the time appellant purchased the home. We agree with appellant that, viewing this information in a light most favorable to him, it would create an inference that appellees were aware of problems with the exterior walls, which they would have been obliged to disclose, again under section (E) of the Disclosure Form. Further, it might also be used to prove that appellees intentionally concealed information regarding the defects.
 {¶ 37} However, because these statements are offered to prove the truth of the matter asserted, the statements of Mr. and Mrs. Parker in appellant's deposition are inadmissible hearsay that we cannot consider, either as deposition evidence under Civ.R. 32 or affidavit evidence under Civ.R. 56, in reviewing the motion for summary judgment. Having found no admissible evidence regarding concealment, the actual knowledge standard is applicable. Finnegan's testimony does not alone create an inference that appellees knew about the *Page 14 
defective siding. There is no way of knowing if the defects were visible during the time appellees owned the home.
 {¶ 38} The relevant evidence indicative of appellees' knowledge of the alleged defects presented by appellant to oppose the motion for summary judgment is not admissible either under Civ.R. 32, in a deposition, or under Civ.R. 56, as an affidavit. Any evidence that could even remotely be construed as creating an inference that appellees were or should have been aware of the defects in the residence is hearsay. Because we find that appellant did not meet his burden of production to overcome the motion for summary judgment, we find that we do not need to reach the issue of whether appellant's claims are barred by the affirmative defense of caveat emptor.
 {¶ 39} For the reasons stated above, summary judgment is affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion. *Page 1